Carl Holmes v. The State.

No. 7182.   Decided November 8, 1922.

Selling Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial for selling intoxicating liquor, the evidence sus-
tained the conviction there is no reversible error.

Appeal from the District Court of Ellis.   Tried below before the
Honorable W. L. Harding.

Appeal from a conviction of selling intoxicating liquor; penalty,
one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District
Court of Ellis County of selling intoxicating liquor, and his punish-
ment fixed at one year in the penitentiary.

There are no bills of exception in the record, and the only complaint
of appellant appears to be directed at the insufficiency of the testi-
mony. We have carefully gone over the facts as stated by the various
witnesses. It seems practically without controversy that appellant
sold something in a pint bottle to George Forbes on the occasion in
question and that Forbes gave him a check for it. Later Forbes
directed the bank not to pay the check and same was not paid. Up-
on the question as to whether the article sold was whisky, there ap-
pears in the record the testimony of a number of witnesses who ex-
amined and tasted it and stated that it was whisky. .Appellant him-
self in his testimony referred to it repeatedly as whisky. He claimed
to have purchased two bottles of it from a negro and that he let
Forbes have one bottle, and after having imbibed a portion of the
contents of the other bottle he said he threw it away. Forbes testi-
fied that in his opinion the bottle that he bought from appellant con-

tained some whisky but was mostly water and sugar, but he said the other bottle contained good whisky and that appellant gave him a drink from the other bottle. Conflicts in the testimony are for settlement at the hands of the jury, and unless there be such doubt of the correctness of their conclusion as to make us believe that they were actuated by passion or prejudice, or to convince us that their decision was not the result of a fair and deliberate consideration, it will be our duty to uphold the judgment. We think the testimony amply supports their conclusion. A greater number of witnesses testified to the fact that the liquor in question was whisky than those who seemed to indicate any doubt of said fact.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*